## HENDERSON *v.* MATHEWS.

CHANCERY PRACTICE. *Motion to dismiss bill for want of equity. Will not lie. When.* A motion to dismiss a bill for want of equity on its face will not lie where the bill discloses a case proper for equitable relief, though defectively stated, and it is not the proper mode of testing the question whether the complainant can call upon the defendant to answer a part of the bill under oath, and waive the oath as to another part.

FROM JEFFERSON.

Appeal from the Chancery Court at Dandridge. H. C. SMITH, Ch.

SWAN & MEEK for complainant.

YOE for defendant.

COOPER, J., delivered the opinion of the court.

A motion to dismiss a bill for want of equity on its face only lies in those cases in which the court may *mero motu* dismiss it, and that is when admitting all the facts stated in the bill, whether well or defectively pleaded, then complainant is entitled to no relief. It does not lie where a case proper for equitable relief appears in the face of the bill which happens to be defectively stated. *Thompson* v. *Paul*, 8 Hum., 114. The bill before us states that the complainant, "about the —— day of —— 187—," placed several notes or bills single on A. H. Blackburn, payable to himself and wife, amounting to about the sum

of $1,800, in the hands of the defendant for collection, together with a note on R. Murpby for about $500. That defendant also received from complainant certain articles of personal property mentioned as a trust, and for which he was to account. That complainant removed from this State to the State of Missouri, and has recently returned, his wife having died. That there was some unsettled matters between complainant and defendant, and it may be that complainant in these old matters was indebted to defendant, and for such indebtedness complainant is now and has been all the time willing that defendant should retain in his hands what might be due him, out of the moneys he might collect. Complainant has demanded a settlement, but defendant refuses to settle, etc. These statements, it will be seen, make a case of agency and mutual accounts, the items of agency being distinctly specified. They present a case of clear equity not even defectively stated, unless the omission to give the exact date of the creation of the agency be considered a defect, as perhaps it is. But treating the equity as for that reason defectively stated, it is, nevertheless, clearly sufficient to resist the motion to dismiss.

The bill undertakes to call upon the defendant to state on oath an account of money collected by defendant for complainant, but waives his oath in all other matters. Whether the complainant had the right to thus limit his waiver of the defendant's oath or not, it is clear that the question cannot be tested by a motion to dismiss the bill for want of equity on its face, for such a motion must go to the whole bill,

and if there be equity in any part of the bill, an objection to another part, either that it is not according to the course of a court of equity, or is unauthorized by law, or is what the complainant has no right to claim, is necessarily insufficient. The Chancellor's decree is reversed, and the motion overruled with costs.